**FILED**

3/9/2022    DM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MARCOS GERMAN MENDEZ

No. 16 CR 163

Judge Mary M. Rowland

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant MARCOS GERMAN MENDEZ, and his attorney, ROBERT ROBERTSON, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rules 11(a)(2) and 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

## Charges in This Case

2. The indictment in this case charges defendant with producing child pornography, in violation of Title 18, United States Code, Section 2251(a) (Counts One and Two), transporting child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1) (Count Three), and possessing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Count Four).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count Two, which charges defendant with producing child pornography, in violation of Title 18, United States Code, Section 2251(a).

## Factual Basis

6.      Defendant will plead guilty because he is in fact guilty of the charge contained in Count Two of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

In or around December 2015, at Rosemont, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant MARCOS GERMAN MENDEZ did knowingly employ and use a minor, namely Victim A, to engage in sexually explicit conduct, namely the lascivious exhibition of the minor's genitalia, for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate commerce by any means, in violation of Title 18, United States Code, Section 2251(a).

Specifically, in December 2015, Individual A brought Victim A to defendant's residence, located on Carol Court in Rosemont, Illinois, for an overnight stay. Defendant acknowledges that Victim A was 3 years old at the time and was developmentally delayed. While Victim A appeared to be sleeping, defendant removed

2

her diaper and used his iPhone to take approximately 62 photographs of Victim A lying on a bed, nude from the waist down, with her knees up and legs spread, exposing her genitalia. Among these images were images depicting defendant touching Victim A's genitalia with his index finger and images depicting a large phallic-shaped object next to Victim A on the bed. Defendant saved these images on his iPhone and in his iCloud account, which used Apple ID "mendezmar87@yahoo.com."

On February 20, 2016, defendant arrived at Chicago O'Hare International Airport from Ecuador via Panama City, Panama, aboard COPA Airlines flight CM 235. He knowingly transported his iPhone, which was an Apple iPhone 6S, Model Number MKRY2LL/A, Serial Number FK3QD505GRY9, on the international flight. On that phone, defendant stored approximately 66 images of child pornography, all of which depicted Victim A. These images included the images described above as well as an additional 4 images. Law enforcement officers seized defendant's iPhone 6S upon his arrival in Chicago.

Shortly after law enforcement seized defendant's iPhone 6S, defendant left the airport. He then used another electronic device to log into his "mendezmar87@yahoo.com" iCloud account and remotely wipe the contents of his iPhone 6S on February 21, 2016. Defendant and others cleaned out his Carol Court apartment, moved many items to his parents' house, and threw away many of his possessions. Defendant then fled to Mexico, crossing the border by car with his mother on February 23, 2016. Defendant did not return to the United States voluntarily.

3

7.     Defendant, for purposes of computing his sentence under Guideline § lBl.2, stipulates to having committed the following additional offense(s):

On or about May 23, 2015, at Rosemont, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant did knowingly employ and use a minor, namely Victim A, to engage in sexually explicit conduct, namely the lascivious exhibition of the minor's genitalia, for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate commerce by any means, in violation of Title 18, United States Code, Section 2251(a).

Specifically, on May 23, 2015, Individual A brought Victim A to defendant's residence, located on Carol Court in Rosemont, Illinois, for an overnight stay. Defendant acknowledges that Victim A was 3 years old at the time and was developmentally delayed. While Victim A appeared to be sleeping, defendant removed her diaper and used his iPhone to take photographs of Victim A lying on a bed, nude from the waist down, with her knees up and legs spread, exposing her genitalia. Defendant saved these images on his iPhone and in his iCloud account, which used Apple ID "mendezmar87@yahoo.com."

## Maximum Statutory Penalties

8.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.     A maximum sentence of 30 years' imprisonment, and a statutory mandatory minimum sentence of 15 years. Pursuant to Title 18, United States Code,

4

Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

b.    Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.    Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

d.    Defendant further understands that, pursuant to Title 18, United States Code, Section 3014, defendant will be assessed an additional $5,000 if the Court determines that he is a non-indigent person.

## Sentencing Guidelines Calculations

9.    Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other

5

correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

10.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points, except as specified below:

a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

b.     **Offense Level Calculations**.

**Offense of Conviction (Count Two)**

i.     The base offense level is 32, pursuant to Guideline § 2G2.1(a).

ii.     Pursuant to Guideline § 2G2.1(b)(1)(A), the offense level is increased by 4 levels because the offense involved a minor who had not attained the age of 12.

iii.     It is the government's position that, pursuant to Guideline § 2G2.1(b)(2)(A), the offense level is increased by 2 levels because the offense involved the commission of a sexual act, namely, the intentional touching, not through clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of

6

any person. It is the defendant's position that this enhancement does not apply and no increase in the offense level is warranted. Each party is free to present evidence and argument to the Court on this issue.

        iv.        It is the government's position that, pursuant to Guideline § 3A1.1(b)(1), the offense level is increased by 2 levels because the defendant knew and should have known that the victim was a vulnerable victim. It is the defendant's position that this enhancement does not apply and no increase in the offense level is warranted. Each party is free to present evidence and argument to the Court on this issue.

        v.        It is the government's position that, pursuant to Guideline § 3C1.1, the offense level is increased by 2 levels because the defendant willfully obstructed and impeded the administration of justice with respect to the investigation and prosecution of the instant offense of conviction, and the obstructive conduct related to the offense of conviction, relevant conduct, and a closely related offense. It is the defendant's position that this enhancement does not apply and no increase in the offense level is warranted. Each party is free to present evidence and argument to the Court on this issue.

        vi.        It is the government's position, therefore, that the total offense level for Count Two is 42. Defendant reserves the right to challenge this position and the offense level at sentencing. Each party is free to present evidence and argument to the Court on this issue.

## Stipulated Offense (Count One)

vii.     The base offense level is 32, pursuant to Guideline § 2G2.1(a).

viii.     Pursuant to Guideline § 2G2.1(b)(1)(A), the offense level is increased by 4 levels because the offense involved a minor who had not attained the age of 12.

ix.     It is the government's position that, pursuant to Guideline § 2G2.1(b)(2)(A), the offense level is increased by 2 levels because the offense involved the commission of a sexual act, namely, the intentional touching, not through clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. It is the defendant's position that this enhancement does not apply and no increase in the offense level is warranted. Each party is free to present evidence and argument to the Court on this issue.

x.     It is the government's position that, pursuant to Guideline § 3A1.1(b)(1), the offense level is increased by 2 levels because the defendant knew and should have known that the victim was a vulnerable victim. It is the defendant's position that this enhancement does not apply and no increase in the offense level is warranted. Each party is free to present evidence and argument to the Court on this issue.

xi.     It is the government's position that, pursuant to Guideline § 3C1.1, the offense level is increased by 2 levels because the defendant willfully

8

obstructed and impeded the administration of justice with respect to the investigation and prosecution of the stipulated offense, and the obstructive conduct related to the stipulated offense, relevant conduct, and a closely related offense. It is the defendant's position that this enhancement does not apply and no increase in the offense level is warranted. Each party is free to present evidence and argument to the Court on this issue.

xii.     It is the government's position, therefore, that the total offense level for the stipulated offense is 42. Defendant reserves the right to challenge this position and the offense level at sentencing. Each party is free to present evidence and argument to the Court on this issue.

### Grouping

xiii.     It is the government's position that, pursuant to § 3D1.2(d), the offense of conviction and the stipulated offense, which are covered by Guideline § 2G2.1, are not grouped. Therefore, there are two groups. Defendant reserves the right to challenge this position. Each party is free to present evidence and argument to the Court on this issue.

xiv.     It is the government's position that, pursuant to § 3D1.4(a), the offense of conviction group counts as one unit because it is the group with the highest offense level. Defendant reserves the right to challenge this position. Each party is free to present evidence and argument to the Court on this issue.

xv.     It is the government's position that, pursuant to § 3D1.4(a), the stipulated offense group counts as one additional unit because it is equally as

9

serious as the offense of conviction group. Defendant reserves the right to challenge this position. Each party is free to present evidence and argument to the Court on this issue.

xvi.     It is the government's position that, pursuant to § 3D1.4, there are 2 units, and that, therefore, 2 levels are added to the offense level applicable to the offense of conviction group. This results in a combined offense level of 44. Defendant reserves the right to challenge this position and the offense level at sentencing. Each party is free to present evidence and argument to the Court on this issue.

### Acceptance of Responsibility

xvii.     If the Court determines at the time of sentencing that defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level will be appropriate. The government reserves the right to take whatever position it deems appropriate at the time of sentencing with respect to whether defendant has accepted responsibility within the meaning of Guideline § 3E1.1(a).

xviii.     If the Court determines that defendant has fully accepted responsibility within the meaning of Guideline § 3E1.1(a), and that the offense level is

10

16 or higher prior to the application of any reduction for acceptance of responsibility pursuant to § 3E1.1(a), the government will move for an additional one-level reduction in the offense level pursuant to Guideline § 3E1.1(b) because defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

    c. **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 1, and defendant's criminal history category is I:

      i. On or about January 7, 2011, defendant was sentenced to 24 months' probation following his conviction for endangering the life/health of a child in the Circuit Court of Kane County, Illinois. Pursuant to § 4A1.1(c), defendant receives one criminal history point for this sentence.

    d. **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, it is the government's position that: (i) if the defendant is not entitled to a 3-level reduction for acceptance of responsibility, the anticipated offense level is 44, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of life imprisonment, and (ii) if the defendant is entitled to a 3-level reduction for acceptance of responsibility, the anticipated offense level is 41, which, when combined with the anticipated criminal history category of I, results in an

11

anticipated advisory sentencing guidelines range of 324 to 405 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. It is the defendant's position that the anticipated offense level is 33, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 135 to 168 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 15 years' imprisonment.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

11. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties

may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

12. Each party is free to recommend whatever sentence it deems appropriate.

13. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14. Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by the Court at sentencing.

15. Defendant also acknowledges that in addition to restitution due pursuant to Title 18, United States Code, Section 2259, he is liable for restitution pursuant to Title 18, United States Code, Section 3663A.

16. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18,

13

United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

17.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

18.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

19.     Defendant agrees to waive and abandon any right, title, or interest he has in the following property: an Apple iPhone 6S, Model Number MKRY2LL/A, Serial Number FK3QD505GRY9. Defendant understands that the government, after publication of notice to any others who may have an interest in the property, will seek an order of abandonment from the Court, thereby authorizing the United States to destroy or otherwise dispose of such property according to law. Defendant consents to the immediate entry of a preliminary order of abandonment as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. Defendant understands that abandonment of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose.

20.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment, as well as the forfeiture allegation as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

21.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 16 CR 163.

22.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Conditional Plea of Guilty

23.     The government agrees that defendant's plea of guilty is entered pursuant to Fed. R. Crim. P. 11(a)(2). Pursuant to that Rule, the parties agree that defendant, with the consent of the Court, may enter a conditional plea of guilty, reserving his right to appeal the Court's Order of July 28, 2021, denying defendant's motion to suppress. Only in the event of a reversal of that decision will defendant be permitted to withdraw his plea. The government does not consent to an appeal on any other pretrial issue, and defendant reserves the right to appeal only the identified pretrial ruling and any issues relating to sentencing. Defendant acknowledges that in the event of a reversal of the

15

Court's order denying the motion to suppress, the government may reinstate and prosecute any charges against defendant, including but not limited to the charges to which he is pleading guilty under this Agreement. Defendant understands that the Court decides whether or not to approve the entry of this conditional plea under Fed. R. Crim. P. 11(a)(2). If the Court refuses to accept the conditional term of this Agreement, this Agreement shall be null and void.

### Waiver of Rights

24.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.      **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.      If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

16

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be

17

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii.     With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b.     **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty, the Court's order of July 28, 2021 referenced above, and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

25.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

26.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

18

27.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

28.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

29.     Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of

supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

30.     Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

## Other Terms

31.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

32.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

33.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

34.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

35.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

36.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

37.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: March 8th, 2022

_/s/John R. Lausch, Jr._ by TCM
JOHN R. LAUSCH, JR.
United States Attorney

_/s/Misty N. Wright_
MISTY N. WRIGHT
ASHLEY A. CHUNG
Assistant U.S. Attorneys

MARCOS GERMAN MENDEZ
Defendant

ROBERT ROBERTSON
MARKO DURIC
Attorneys for Defendant

22