**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 16 CR 163 |
| v. ) | |
| ) | Honorable Mary M. Rowland |
| MARCOS MENDEZ ) | |

**SENTENCING MEMORANDUM**

Defendant Marcos Mendez, by his undersigned counsel, respectfully submits the following Sentencing Memorandum:

**I. STANDARD**

The Sentencing Guidelines are advisory. *U.S. v. Robinson*, 435 F.3d 699, 700-01 (7th Cir. 2006). A court has discretion "to disagree with the views of the Sentencing Commission," *U.S. v. Moreno*, 870 F.3d 643, 649 (7th Cir. 2017), and may decide not to follow the Guidelines, whether based on a policy disagreement or a determination that they yield an excessive sentence in a particular case, *U.S. v. Price*, 775 F.3d 828, 840 (7th Cir. 2014), *citing Spears v. U.S.*, 555 U.S. 261, 264 (2009), *Kimbrough v. U.S.*, 552 U.S. 85, 109 (2007). After calculating the advisory range under the Guidelines, a court should consider whether to impose a sentence within or outside the range by reference to the factors set forth in 18 U.S.C. § 3553(a). *Robinson*, 435 F.3d at 700-01. The § 3353 factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence;

    (C) to protect the public from further crimes of the defendant;

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;…

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Ultimately, a court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3353(a)]." 18 U.S.C. § 3553(a). "Sentences must always conform to the broad command of the parsimony principle, which requires that sentences be sufficient, but not greater than necessary to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation." *U.S. v Jordan*, 991 F.3d 818, 822, *citing Dean v. U.S.*, 581 U.S. 62 (2017). "If, after weighing the § 3553(a) factors, a district court determines that a sentence below the Guidelines range is sufficient, but not greater than necessary, to accomplish the goals of sentencing, it should give the below-Guidelines sentence." *U.S. v. Swank*, 37 F.4th 1331, 1334 (7th Cir. 2022).

## II. OBJECTIONS TO PSR

As set forth below, Defendant objects to affording weight to the Sentencing Guidelines in this matter, because they do not reflect proportional punishment and are inconsistent with the considerations that must guide a court in determining an appropriate sentence under 18 U.S.C. § 3553. In addition to these objections, Defendant also objects to the application of the vulnerable victim enhancement in § 3A1.1(b)(1) on the grounds that this enhancement should be applied where the victim's vulnerability, unrelated to the victim's age, facilitated the commission of the

2

offense. *U.S. v. Monostra*, 125 F.3d 183, 190 (3d Cir. 1997); U.S.S.G. § 3A1.1, n.2. The Government has not shown that the victim's vulnerability, as opposed to age, facilitated the commission of the offense, and therefore the enhancement in § 3A1.1(b)(1) should not apply.

### III. THE CHILD PORNOGRAPHY GUIDELINES ARE NOT THE PRODUCT OF THE SENTENCING COMMISSION'S USUAL EMPIRCIAL STUDY AND DO NOT PROVIDE APPROPRIATE GUIDANCE IN THIS CASE

The Court should not follow the Sentencing Guidelines in this case, because they are not the product of the Sentencing Commission's usual empirical study and fail to rationally tailor the recommended sentence to the seriousness of the defendant's conduct. Rather than vary the recommended sentence according to the seriousness of the conduct, the child pornography Guidelines recommend a sentence at or near the statutory maximum in almost every case. This runs directly counter to the considerations that must guide a court in fashioning an appropriate sentence under 18 U.S.C. § 3553.

As numerous courts and scholars have recognized, the child pornography Guidelines "are not the product of the Sentencing Commission's empirical study and independent policy judgment" and "call for enhancements that apply in nearly every case, exerting virtually automatic upward pressure on sentences and failing to separate less dangerous offenders from those who are more dangerous." *U.S. v. Price*, 775 F.3d 828, 841 (7th Cir. 2014), *citing U.S. v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). These problems are present in both the guideline for possession and distribution (§ 2G2.2) and the guideline for production (§ 2G2.1). 2012 WL 966971, at *11 (C.D. Ill. Mar. 21, 2012). Like § 2G2.2, § 2G2.1 is not the product of empirical study by the Sentencing Commission. *Id.* Rather, it has been repeatedly amended at the direction of Congress, which has increased the base offense level from 25 to 27 to 32 in addition to adding multiple sentencing enhancements. U.S. Sentencing Commission, 2012 REPORT TO THE

3

CONGRESS: FEDERAL CHILD PORNOGRAPHY OFFENSES (Dec. 2012), 249, *available at* https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses.

Several of these sentencing enhancements are present "in nearly every production case." *Price*, 2012 WL 966971, at *11. For example, in its most recent report on the production of child pornography, the Sentencing Commission found that the victim was age 12 or younger in 61.3% of cases overall and 83.5% of cases where the defendant contacted the victim in person (rather than online or through a mobile device). U.S. Sentencing Commission, FEDERAL SENTENCING OF CHILD PORNOGRAPHY PRODUCTION OFFENSES (Oct. 2021), 5, 28 *available at* https://www.ussc.gov/research/research-reports/federal-sentencing-child-pornography-production-offenses. The Sentencing Commission also found that the defendant was sentenced for an offense that involved sexual contact in over 80% of cases. *Id.* at 6.

It is hardly a stretch to say that, as a result of their virtually automatic upward pressure, the Guidelines recommend a sentence at or near the statutory maximum in the vast majority of cases. Applying just the enhancements for the age of the victim and sexual contact – which are present in a significant majority of cases – increases the offense level from 32 to 38 and the recommended sentence from 121-151 to 235-293 months. These same enhancements apply no matter whether the offense involved contact with the victim or the defendant committed a more heinous sex act. U.S.S.G. § 2G2.1(b)(2)(A). And if the victim is considered vulnerable for reasons in addition to his or her age, an additional 2 levels and approximately 5 to 11 years imprisonment are added under U.S.S.G. § 3A1.1(b)(1). With just these enhancements, the Guidelines result in a sentence of between approximately 25 years on the low end and the statutory maximum of 30 years on the top.

4

Even greater upward pressure is exerted by the combination of the grouping rules under U.S.S.G. § 3D1.1-5 and the 5-level enhancement under U.S.S.G. § 4B1.5(b). If the conduct occurred on more than one occasion, even just two occasions, there is at least a 7-level increase in the offense level. U.S.S.G. §§ 3D1.1-5, 4B1.5(b). A defendant actually receives better treatment under the Guidelines if he or she has a previous sex conviction, because this prevents the application of the 5-level enhancement under § 4B1.5(b). *See* U.S.S.G. § 4B1.5(a)-(b). This runs directly counter to 18 U.S.C. § 3553, which requires a court to tailor a sentence according to the seriousness of the offense.

Courts have therefore recognized that, while no one can dispute the seriousness of child pornography production, § 2G2.1 does not afford persuasive guidance in determining an appropriate sentence. *See Price*, 775 F.3d at 840; *U.S. v. Krueger*, No. 09-CR-103, 2009 WL 4164122, at *3 (E.D. Wis. Nov. 23, 2009) ("as the Seventh Circuit has acknowledged, § 2G2.1 is not fully the product of Commission study or expertise; rather, Congress has, much like in the area of drug trafficking, significantly changed sentencing policy in this area, primarily through minimum penalty increases"), *citing U.S. v. Huffstatler*, 571 F.3d 620, 623 (7th Cir. 2009); *U.S. v. Jacob*, 631 F. Supp. 2d 1099, 1115 (N.D. Iowa 2009) (declining to follow § 2G2.1, because it "recommends enhancements for conduct present in nearly every case to which the guideline would apply" and would yield an excessive sentence).

So too here, the Guidelines result in a sentence greater than necessary to serve the purposes of § 3553(a)(2) and leave little room to differentiate from the worst offenses. The offense level calculated by the PSR (46) and the Government (41) is essentially equivalent to the offense level for First Degree Murder under U.S.S.G. § 2A1.1 (43), as well as the offense level for sex with a child under the age of 12 under U.S.S.G. § 2A3.1 (42). The Guidelines would

5

actually recommend a lighter sentence for a defendant convicted of: (1) soliciting a minor to engage in a commercial sex act; this defendant would be subject to base offense level of 34 and 151-188 months imprisonment under U.S.S.G. § 2G1.3(a)(1); (2) prostituting a child under the age of 12; this defendant would be subject to a base offense level of 36 and 188-235 months imprisonment under U.S.S.G. § 2G1.3(a)(3); (3) operating a child exploitation enterprise with a victim under the age of 12; this defendant would be subject to a base offense level of 39 and 262-327 months imprisonment under U.S.S.G. § 2G2.6; or (4) contacting a 12-year old child on the internet, convincing the child to meet, and then repeatedly raping the child; this defendant would be subject to an offense level of 34 and 151-188 months imprisonment under U.S.S.G. § 2G1.3, *see Dorvee*, 616 F.3d at 187 & n.11.

A Guidelines sentence would also be significantly greater than the sentence received by defendants convicted of even more egregious conduct. *See Price*, 775 F.3d 828 (affirming 18-year sentence for defendant who repeatedly abused his daughter and distributed sexually explicit photos of her that were implicated in at least 160 other child pornography investigations); *U.S. v. Johnson*, 784 F.3d 1070, 1071-73 (7th Cir. 2015) (20-year sentence where defendant raped and produced hundreds of images of two minors); *Krueger*, 2009 WL 4164122 (departing from guidelines recommendation of 262-327 months and imposing 18-year sentence for defendant who abused his own children to create images of girls who were eleven or twelve, four to five, and younger than three). Because the Guidelines fail to rationally distinguish among production offenses, or mete out proportional punishment in this context, they should not guide the Court here. Instead, the Court should impose a sentence that is sufficient, but not greater than necessary, according to the considerations in § 3553.

### IV. A SENTENCE OF 15 YEARS IMPRISONMENT IS SUFFICIENT AND NOT GREATER THAN NECESSARY UNDER § 3553

A sentence of 15 years imprisonment, followed by supervised release, will be sufficient, but not greater than necessary, to serve the purposes of § 3553. This already substantial sentence is made all that much more serious by the conditions of confinement Mr. Mendez has endured and will continue to experience for the rest of his imprisonment. In addition to sleeping on the floor of a rat and cockroach-infected prison in Mexico City, where he was beaten by guards and organized gangs alike, and living close to a year under severe COVID-19 restrictions at MCC Chicago, Mr. Mendez has faced and will continue to live under constant threats to his safety as a sex offender in federal custody. (Affidavit, Exhibit 1 hereto.) These extremely difficult conditions make a 15-year sentence effectively equivalent to a much lengthier term of imprisonment. *See U.S. v. Liwanag*, 372 F. Supp. 3d 68, 73 (E.D.N.Y. 2019) (imposing 15-year sentence for defendant convicted under 18 U.S.C. § 2251 after considering the fact that the defendant "will presumably be required to spend time in solitary confinement or areas of increased security because prisoners will often go to great lengths to injure or even kill sex offenders, especially those who have committed crimes against children").

A sentence of more than 15 years imprisonment will be greater than necessary to serve the purposes of § 3553(a)(2). A sentence of 15 years imprisonment, especially one served under the conditions Mr. Mendez will face, adequately reflects the seriousness of the offense, respect for the law, and just punishment. No one can dispute that this is a terrible offense justifying a significant punishment. This is why Mr. Mendez faces at least 15 years imprisonment. It does not diminish the gravity of this offense, however, to recognize the need for proportional punishment that rationally distinguishes between this offense and even worse conduct. Indeed, giving adequate consideration to the seriousness of the offense, respect for the law, and just punishment

requires that Mr. Mendez's sentence be proportional to the punishments for more serious offenses.

While this is a terrible offense, it is also true that this offense lacks some of the more significant aggravating factors present in other production cases. A sentence of 15 years would be appropriate considering the sentences received by defendants convicted of even worse conduct. *Price*, 775 F.3d 828 (affirming 18-year sentence for defendant who repeatedly abused his daughter and distributed sexually explicit photos of her that were implicated in at least 160 other investigations); *U.S. v. Johnson*, 784 F.3d 1070, 1071-73 (7th Cir. 2015) (20-year sentence where defendant raped and produced hundreds of images of two minors); *Krueger*, 2009 WL 4164122 (18-year sentence for defendant who abused his own children to create images of girls who were eleven or twelve, four to five, and younger than three).

A greater sentence is not necessary to serve the purposes of § 3553(a)(2). Fifteen years of imprisonment will be sufficient to deter Mr. Mendez, who has never been to prison before and will serve a much more difficult sentence than other inmates. Concerns about recidivism may be addressed through the intensive conditions of supervised release that Mr. Mendez will be required to follow after he is released in his middle age. These will place Mr. Mendez under the supervision of probation, and prevent Mr. Mendez from having any contact with a minor or connecting to the internet without the approval of probation, which will monitor any computer to which Mr. Mendez has access. Mr. Mendez will also have to register and comply with the Sex Offender Registration and Notification Act and participate in a sex offender treatment program.

There is no reason to believe an even longer sentence will serve specific or general deterrence. Indeed, the notion that a lengthier sentence would achieve a greater deterrent effect is without empirical support. *See* Gary Kleck, Brion Sever, Spencer Li, and Marc Gertz, The

8

Missing Link in General Deterrence Research, 43 Criminology 623, 655 (2005) ("conventional efforts to increase general deterrent effects beyond their current level are so unpromising that policymakers should consider more productive alternatives…Our findings indicate that no deterrent effect would be lost if punishment levels were reduced from their current levels…"). Ultimately, this offense requires a significant punishment, but a term of imprisonment longer than 15 years would be greater than necessary and inconsistent with the principles of parsimony and proportionality that must guide a court at sentencing.

**V.      RESTITUTION**

Defendant recognizes restitution is required to the extent of the losses incurred by the victim as a proximate result of the offense. 18 U.S.C. § 2259(c)(2). The PSR does not recommend a restitution amount. Defendant submits that there has not been a sufficient showing of the losses proximately caused by the offense at this juncture, and will be prepared to address the issue further at sentencing.

**VI.     CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court impose the mandatory minimum sentence of 180 months imprisonment to be followed by an appropriate period of supervised release.

DATE: November 14, 2022 　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　MARCOS MENDEZ

　　　　　　　　　　　　　　　　　　　　By: /s/ Marko Duric

　　　　　　　　　　　　　　　　　　　　Robert Robertson
　　　　　　　　　　　　　　　　　　　　Marko Duric
　　　　　　　　　　　　　　　　　　　　ROBERTSON DURIC
　　　　　　　　　　　　　　　　　　　　One North LaSalle, Suite 300
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60602
　　　　　　　　　　　　　　　　　　　　(312) 223-8600
　　　　　　　　　　　　　　　　　　　　robrobertson1@sbcglobal.net
　　　　　　　　　　　　　　　　　　　　marko@robertsonduric.com