IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 16 CR 163 |
| v. | ) | |
| | ) | Honorable Mary M. Rowland |
| MARCOS MENDEZ | ) | |

**RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Marcos Mendez, by his undersigned counsel, respectfully submits the following Response to the Government's Sentencing Memorandum:

The Government understandably emphasizes the seriousness and deviant nature of this matter in its Sentencing Memorandum. No one could possibly describe the production of child pornography in different terms. Abhorrent behavior is necessarily part of this offense. But no matter how awful the crime, a sentence should be proportional and no greater than necessary under 18 U.S.C. § 3553. And for the reasons set forth in Defendant's Sentencing Memorandum, the statutory maximum sentence sought by the Government leaves little room to differentiate and is greater than necessary here. A sentence of 15 years imprisonment, followed by the intensive conditions of supervised release that will restrict Mr. Mendez as long as the Court sees fit, will be sufficient to serve the purposes of § 3553.

While Defendant's arguments are set forth in Defendant's Sentencing Memorandum, the issue of restitution bears some further discussion here. The Government relies on the opinions of economist Stan V. Smith in asking for restitution of $4,732,449, consisting of $375,271 for future therapy, $2,142,272 for future lost wages and benefits, and $2,214,906 for loss of enjoyment of life. Dr. Smith's opinions, however, are not based on sufficient facts or data or a reliable methodology that can be applied here. While Defendant appreciates that calculating a precise loss

amount is difficult, the Government must still meet its burden of proof in demonstrating the losses proximately caused by the offense. *Paroline v. U.S.*, 572 U.S. 434, 444-45 (2014). It has not done so here.

Dr. Smith's opinions lack basic foundation and do not reliably calculate a loss amount. Dr. Smith's opinion on the cost of future therapy assumes a weekly cost of therapy that is not explained or supported. Dr. Smith does not explain where he derived this figure. Nor does he cite to the opinion of any mental heath professional regarding the extent of future therapy or the cost of it. In addition, neither Dr. Smith, nor the Government, have provided a basis to distinguish between pre-existing therapy needs and therapy related to the offense. The Government has not made a sufficient showing on this issue.

Dr. Smith's opinion on the cost of future lost wages and benefits similarly lacks foundation. Dr. Smith's opinion is based on a table in a publication from the Census Bureau, which, based on the results of a survey conducted in 2014, lists various probabilities of employment and earnings capacities for people with disabilities. In particular, Mr. Smith relies upon the employment probabilities and earnings capacities for people who suffer debilitating depression or anxiety. But neither Dr. Smith, nor the Government, show a diagnosis of this type of disability in this case. Nor do they grapple with the difficult issue of how pre-existing disability might impact future earnings. The Government has not provided a reliable estimate of lost wages and benefits.

Dr. Smith's opinion on loss of enjoyment of life is likewise unreliable. Dr. Smith simply does not have any expert basis to opine on the value of enjoyment of life, or how much enjoyment in life will be lost. His opinions on this topic have been repeatedly barred as unreliable by courts across the country. *See, e.g., Moe v. Grinnell Coll.*, 547 F. Supp. 3d 841, 846-51 (S.D. Iowa 2021) (collecting cases rejecting Dr. Smith's opinions on the loss of enjoyment of life); *Santiago v.*

*Fischer*, No. 09-CV-1383 (MKB), 2020 WL 9816014, at *5-7 (E.D.N.Y. Sept. 4, 2020) (same); *Doe v. Colgate Univ.*, 457 F. Supp. 3d 164, 1777 (N.D.N.Y. 2020) (following the "overwhelming majority" of courts in finding Dr. Smith's opinions unreliable).

This includes multiple courts in this Circuit. *Mercado v. Ahmed,* 974 F.2d 863, 868-71 (7th Cir.1992) (upholding district court's exclusion of Dr. Smith's testimony on the loss of enjoyment of life as not the product of evidence upon which a reasonable expert would rely and unhelpful to the jury); *Stokes v. John Deere Seeding Grp.*, No. 412CV04054SLDJAG, 2014 WL 675820, at *2–6 (C.D. Ill. Feb. 21, 2014) (finding that "the weight of mandatory and persuasive precedent counsels strongly against Dr. Smith's testimony" and barring his opinion on loss of enjoyment of life as unreliable), *citing Mercado*, 974 F.2d at 871, *Richman v. Burgeson*, No. 98 C 7350, 2008 WL 2567132, at *4 (N.D. Ill. June 24, 2008), *Ayers v. Robinson*, 887 F. Supp. 1049, 1064 (N.D. Ill. 1995). For these reasons, the Government has not met its burden on the amount of losses proximately caused by the offense.

DATE: November 21, 2022　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　MARCOS MENDEZ

　　　　　　　　　　　　　　　　　　　　By: /s/ Marko Duric

　　　　　　　　　　　　　　　　　　　　Robert Robertson
　　　　　　　　　　　　　　　　　　　　Marko Duric
　　　　　　　　　　　　　　　　　　　　ROBERTSON DURIC
　　　　　　　　　　　　　　　　　　　　One North LaSalle, Suite 300
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60602
　　　　　　　　　　　　　　　　　　　　(312) 223-8600
　　　　　　　　　　　　　　　　　　　　robrobertson1@sbcglobal.net
　　　　　　　　　　　　　　　　　　　　marko@robertsonduric.com